[Cite as *Owen v. Perry Cty. Bd. of Revision*, 2013-Ohio-2303.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHARLES W. OWEN, JR., ET AL. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellees | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| PERRY COUNTY BOARD | : | Case No. 12-CA-14 |
| OF REVISION, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                                      Pleas, Case No. 12-CV-00013

JUDGMENT:                                         Reversed and Remanded

DATE OF JUDGMENT:                          June 3, 2013

APPEARANCES:

For Plaintiffs-Appellees                         For Defendants-Appellees

STEVEN P. SCHNITTKE                       JAMES R. GORRY
114 South High Street                           6400 Riverside Drive, Suite D
P.O. Box 536                                         Dublin, OH  43017
New Lexington, OH  43764

*Farmer, J.*

{¶1} On April 11, 2001, appellees, Charles and Kathryn Owen, filed an application with appellant, the Perry County Auditor, for the valuation of land at its current agricultural use (hereinafter "CAUV") for the tax year 2001 for parcels of property they owned in Hidden Harbors Subdivision. A determination on this application was never made.

{¶2} On March 28, 2011, appellees filed a complaint against the valuation of real property, contesting appellant Auditor's appraised value of their parcels for the tax year 2010. Appellees argued their 2001 CAUV application was still pending and therefore applied to tax year 2010. On December 15, 2011, appellant, Perry County Board of Revision, rejected appellees' argument and denied their request for a reduction in the value of their parcels.

{¶3} On January 12, 2012, appellees filed an appeal to the Court of Common Pleas. By memorandum of decision filed June 26, 2012, the trial court reversed appellant Board's decision and ordered appellant Board to render a decision on the 2001 CAUV application for the tax years 2000 to 2009.

{¶4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE COMMON PLEAS COURT ERRED IN HOLDING THAT ISSUES RELATING TO THE FILING OF A CAUV APPLICATION FOR TAX YEAR 2001 WERE RELEVANT IN DETERMINING THE TRUE VALUE OF APPELLEES' REAL PROPERTY FOR TAX YEAR 2010."

II

{¶6}   "THE DECISION OF THE COMMON PLEAS COURT VIOLATED R.C. 5715.19 IN THAT THE COURT REQUIRED THE COUNTY BOARD OF REVISION TO HEAR AND DECIDE A TAX ISSUE FOR A PRIOR TAX YEAR IN AN APPEAL THAT WAS JURISDICTIONALLY LIMITED TO THE CURRENT TAX YEAR."

III

{¶7}   "THE NOTICE OF APPEAL FILED BY APPELLEES WITH THE COMMON PLEAS COURT VIOLATED THE MANDATORY AND JURISDICTIONAL REQUIREMENTS OF R.C. 5717.05 AND FAILED TO VEST THE COURT WITH JURISDICTION TO HEAR AND DECIDE THE APPEAL.   JURISDICTIONAL REQUIREMENTS CANNOT BE WAIVED."

I, II

{¶8}   Appellant Auditor claims the trial court erred in finding the 2001 CAUV application was still a pending action and ordering its review for tax years 2000 to 2009. We agree.

{¶9}   On December 15, 2011, appellant Board made the following decision:

Recommendation: The property involving the Board of Revision Complaint to address the CAUV values for the parcels located in Hidden Harbor Subdivision will not be changed for 2010 tax year.  According to Ohio Revised Code 5713.31 each initial application shall be filed prior to the first Monday in March for the year in which the application is to be filed and accompanied by a fee of twenty-five dollars.  Application fees shall be

paid into the county treasury to the credit of the real estate reassessment fund created under section 325.31 of the Ohio Revised Code.

{¶10} In its memorandum of decision filed June 26, 2012, the trial court ordered the following:

Plaintiff's original complaint filed in 2001 is still pending. A complaint was filed with the Board of Revision remains viable until it is heard. Columbus Board of Education vs. Franklin County Board of Revision, 87 Oh St 3rd, 305. It is not necessary that the Plaintiffs file an additional complaint for each tax year during the time that their original tax complaint is still pending. Building, Inc. vs Perk, 24 Oh.

For the foregoing reasons, the court remands this case back to the Perry County Board of Revision to render a decision on the merits of Plaintiff's original complaint filed in 2001 for the tax years 2000 to 2009 on the issue of CAUV values for the vacant lots in Hidden Harbors.

{¶11} Appellees' March 28, 2011 complaint that initiated the review was for the "valuation of real property" pursuant to R.C. 5715.19 and was not a CAUV. The trial court correctly found this complaint was not timely filed and was properly dismissed by appellant Board.[1]

---

[1]The trial court erroneously speaks to "the April 15, 2011 counter-complaint filed by plaintiffs." The correct pleading is the March 28, 2011 complaint filed by plaintiffs/appellees. The April 15, 2011 counter-complaint was filed by Northern Local

{¶12} Attached to appellees' March 28, 2011 complaint was a copy of their original 2001 CAUV application that the trial court bootstrapped into a "continuing complaint." However, pursuant to R.C. 5713.31, on its very face it was untimely in 2001 and was clearly untimely in 2011. We note appellees filed what appears to be a timely CAUV application on February 26, 2010 that was not addressed by appellant Board.

{¶13} Under R.C. 5715.19(D), the 2001 CAUV application was not a "complaint" for real estate valuation; therefore, there was no continuing jurisdiction to hear the matter. An application for a writ of mandamus as to the 2001 CAUV would have resolved this issue.

{¶14} The jurisdiction of a county board of revision is set forth in R.C. 5715.19(A)(1) as follows:

> (A) As used in this section, "member" has the same meaning as in section 1705.01 of the Revised Code.
>
> (1) Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year or the date of closing of the collection for the first half of real and public utility property taxes for the current tax year, whichever is later:
>
> (a) Any classification made under section 5713.041 of the Revised Code;

School District Board of Education, not plaintiffs/appellees, and has no bearing on the appeal sub judice.

(b) Any determination made under section 5713.32 or 5713.35 of the Revised Code;

(c) Any recoupment charge levied under section 5713.35 of the Revised Code;

(d) The determination of the total valuation or assessment of any parcel that appears on the tax list, except parcels assessed by the tax commissioner pursuant to section 5727.06 of the Revised Code;

(e) The determination of the total valuation of any parcel that appears on the agricultural land tax list, except parcels assessed by the tax commissioner pursuant to section 5727.06 of the Revised Code;

(f) Any determination made under division (A) of section 319.302 of the Revised Code.

{¶15} Because this was the sole issue before appellant Board in 2011, neither appellant Board nor the trial court had the jurisdiction to consider the 2001 CAUV application.

{¶16} We find the trial court erred in ordering appellant Board to consider the 2001 CAUV application for tax years 2000 to 2009.

{¶17} However, as appellant Auditor's brief suggests at page 13, still pending is a review of appellant Board's valuation of real property for the 2010 tax year. This case is remanded to the trial court to determine whether appellant Board was correct in making no change to the valuation of appellees' real property for the 2010 tax year.

{¶18} Assignments of Error I and II are granted.

III

{¶19} Given our decision above, this assignment is moot.

{¶20} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby reversed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 524